1. WITNESSES ⊕337(6) — CROSS-EXAMINATION—PRIOR PROSECUTION—ADMISSIBILITY.

In prosecution for failure to support wife and children, it was competent on cross-examination of defendant, as affecting his credibility, to show that he had been prosecuted for adultery; adultery being a misdemeanor involving moral turpitude.

2. CRIMINAL LAW ⊕722½ — ARGUMENT OF COUNSEL.

In prosecution for failure to support wife and children, remarks of prosecuting attorney, referring to defendant as living in adultery with another woman, while his children at home were barefooted and cold, held, under the evidence, not to transcend the limitations upon a legitimate argument.

Appeal from Tarrant County Court; Hugh L. Small, Judge.

Early Morrison was convicted for failure to provide for the support and maintenance of his wife and children, and appeals. Affirmed.

Mays & Mays, of Ft. Worth, for appellant. E. A. Berry, Asst. Atty. Gen., for the State.

MORROW, J. The conviction is for unlawfully, willfully, and without just cause deserting, refusing, and neglecting to provide for the support and maintenance of the wife and children of appellant.

He had a wife and four children, one 16, one 11, one 9, and one 6 years of age. The evidence showed failure to support them. On cross-examination of the wife, the appellant proved by her that she had told him that she did not love him, and did not want to live with him, and was willing for him to have a divorce. She testified on redirect examination that he had sued for divorce because she had charged him with being untrue; that the reason "I thought that was because he boarded with this woman and stayed there with her. He was not living with me at the time." There was evidence that the appellant's wife and children received aid of charitable institutions and that their circumstances were such as to require it. Members of the associations testified that they had visited the family; that they had found the children on a cold day wearing slippers with holes in them; that they bore the appearance of being in destitute circumstances, and claimed to be. The wife took in washing, and the members of the family were described as being hungry on several occasions.

[1] Appellant testified on direct examination that he had filed suit for divorce; that his wife fussed, cursed him, and told him she did not love him. On cross-examination he said that she had accused him of improper relations with a certain woman; that he had been arrested for adultery with the woman mentioned; that his wife caused the complaint to be made against him. The cross-examination concerning the charge of adultery was objected to as within the rule inhibiting the proof of other independent offenses not involving moral turpitude. We are of opinion that the record does not sustain this contention. Adultery being a misdemeanor involving moral turpitude, proof of prosecution therefor was admissible on cross-examination to affect the credibility of the appellant as a witness. Sexton v. State, 48 Tex. Cr. R. 498, 88 S. W. 348.

[2] Nor do we think that the remarks of the prosecuting attorney, referring to the appellant as living in adultery with another woman while his children were at home barefooted and cold, transcends the limitations upon a legitimate argument. The appellant did not deny in his testimony that he was living in adultery as charged by his wife, and there were circumstances proved which would at least be the proper basis for an argument drawing that inference. There was also testimony touching his failure to provide for his children, such, we think, as would not characterize the argument referring to them as barefooted and cold as one so obviously harmful as to require a reversal, in the absence of a request for its withdrawal by special charge.

The judgment is affirmed.

———

GONZALES v. STATE. (No. 5332.)

(Court of Criminal Appeals of Texas. March 5, 1919.)

CRIMINAL LAW ⊕1124(3) — REVIEW—MATTERS DEPENDING UPON FACTS.

Matters presented by motion for new trial cannot be reviewed in the absence of the testimony, where they relate to and depend upon the facts.

Appeal from Criminal District Court, Cameron County; Walter F. Timon, Judge.

Porfirio Gonzales was convicted of receiving and concealing stolen property, and he appeals. Affirmed.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of receiving and concealing stolen property, his punishment being assessed at two years' confinement in the penitentiary.

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

There were two special charges asked, one of which was given and the other refused. The other matters presented by the motion for new trial cannot be reviewed without the testimony, as they relate to and depend upon the facts. The evidence is not before the court; it does not accompany the transcript.

The judgment is affirmed.